IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
MASTIN TAYLOR,                    )
                                  )    Civil No. 06-606-JO
          Petitioner,             )
                                  )
     v.                           )
                                  )
SHARON BLACKETTER,                )
Superintendent, Eastern           )    OPINION AND ORDER
Oregon Correctional               )
Institution,                      )
                                  )
          Respondent.             )
```

    C. Renee Manes
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    Hardy Myers
    Attorney General
    Douglas Y.S. Park
    Senior Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97301

        Attorneys for Respondent

  1 - OPINION AND ORDER

JONES, District Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 in which he challenges his state conviction for Conspiracy to Commit Escape In the First Degree. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#2) is denied, and Judgment is entered dismissing this action with prejudice.

## BACKGROUND

In March 2003, following a plea of no contest, petitioner was convicted of Conspiracy to Commit Escape in the First Degree. The trial court sentenced petitioner to 54 months imprisonment to be served consecutively with his sentence on a prior conviction for murder. Respondent's Exhibits 101 & 102.

According to respondent, petitioner did not directly appeal his conviction and did not seek post-conviction relief. Answer (#14), p. 2. Petitioner did file a petition for alternative writ of mandamus in the Oregon Supreme Court on October 13, 2005, but the court dismissed the petition on December 6, 2005. Respondent's Exhibits 104 & 105.

On April 24, 2006, petitioner filed this action. In his Petition for Writ of Habeas Corpus, petitioner alleges two grounds for relief:

    1.    <u>ERRONEOUS TERM IN JUDGMENT</u>

        Petitioner argues that he was denied his right to adequate/effective counsel in violation of his Article I,

2 - OPINION AND ORDER

section 11 rights under the Oregon constitution and under the Sixth and Fourteenth Amendments under the United States Constitution by his trial attorney's failure to object to the sentence of nine years, three months as in violation of the Eighth and fourteenth Amendments to the United States Constitution and the Oregon's Constitution's Article I, section 16 prohibition against "Cruel and Unusual Punishment". Any reasonable attorney would have made a proper objection.

Facts: Petitioner argues that each of the following actions/non-actions on part of his trial counsel denied him the right to a fair trial and effective/adequate trial counsel under the Oregon Constitution's Article I, Section 11 as well as the Sixth and Fourteenth Amendments to the united States Constitution under the holdings of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). This resulted in violations of his federal and state rights to a fair trial and due process, when trial counsel failed to exercise professional skill and judgment by failing to represent petitioner in a reasonable, diligent and conscientious manner. A reasonable competent attorney in the same similar circumstances would have objected to an unlawful sentence, and Erroneous Term in Judgment regarding a sentence that miscalculated Criminal Conspiracy to Commit Escape in the First Degree as an "8" on the Crime Seriousness Scale of the Sentencing Guidelines rather than a "7". The sentencing error caused Defendant to receive a sentence that totaled more than double the maximum duration of the presumptive prison term. The Marion County Circuit Court, upon notice that the error existed, has a duty to address and correct the error and vacate the unlawful sentence, they have not.

2. <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>

Petitioner was denied effective adequate assistance of trial counsel under Article I, section 11 of the Constitution of the State of Oregon and Sixth and Fourteenth Amendments to the Constitution of the United States, under the holdings of [ ] Strickland v. Washington, 466 U.S. 668 (1984). Resulting in violation of his federal and state rights to a fair trial and due process, when trial counsel failed to exercise professional skill and judgment in a reasonable, diligent and conscientious manner as follows:

3 - OPINION AND ORDER

> Facts: A reasonable competent attorney in the same similar circumstances would have objected to an unlawful sentence and Erroneous Term in Judgment regarding a sentence that miscalculated Criminal Conspiracy to Commit Escape in the First Degree as an "8" on the Crime Seriousness Scale of the Sentencing Guidelines rather than a "7". The sentencing error caused Defendant to receive a sentence that totaled more than double the maximum duration of the presumptive prison term. Petitioner argues that each of the following actions/non-actions on part of his trial counsel denied him the rights to a fair trail and effective/adequate trial counsel under the Oregon Constitution's Article I, Section 11 as well as the Sixth and Fourteenth Amendments to the united States Constitution under the holdings of Strickland v. Washington, 466 U.S. 668 (1984). This resulted in violations of his federal and state rights to a fair trial and due process, when trial counsel failed to exercise professional skill and judgment by failing to represent petitioner in a reasonable, diligent and conscientious manner as a reasonable, competent attorney in the same similar circumstances would have[.]

Respondent asks the court to deny relief on the Petition because petitioner's grounds for relief are procedurally defaulted, and the default is not excused. Petitioner asks the court to excuse any default under the actual innocence/miscarriage of justice exception to procedural default.

## DISCUSSION

### Exhaustion and Procedural Default.

#### I.  Standards.

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. Rose v. Lundy, 455 U.S.

4 - OPINION AND ORDER

509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" Casey v. Moore 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting Vasquez v. Hillery, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. Castille v. Peoples, 489 U.S. 346, 351 (1989).

    A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Coleman v. Thompson, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or demonstrates that the failure to consider the claims will result in a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Coleman, 501 U.S. at 750.

    5 - OPINION AND ORDER

The "miscarriage of justice" exception to procedural default is limited to habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995)(citing Murray v. Carrier, 477 U.S. 478, 496 (1986)). Under this exception, a petitioner may establish a procedural "gateway" permitting review of defaulted claims if he demonstrates "actual innocence." Schlup, 513 U.S. at 316 & n. 32. "[I]f a petitioner . . . presents evidence of innocence so strong that the court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." Id. at 316.

To be credible, a claim of actual innocence must be supported with "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Id. at 324. The "new" evidence need not be newly available, just newly presented. Sistrunk v. Armenakis, 292 F.3d 669, 673 n. 4 (9th Cir. 2002).

The required evidence must create a colorable claim of actual innocence that the petitioner is innocent of the charge for which he is incarcerated, as opposed to legal innocence as a result of legal error. See Schlup at 321. It is not enough that the

evidence show the existence of reasonable doubt, petitioner must show "that it is more likely than not that no 'reasonable juror' would have convicted him."  Id at 329.

## II. Analysis.

Petitioner does not dispute respondent's assertions that petitioner failed to exhaust his claims in state court and that the subject Petition is untimely.  Specifically, petitioner does not dispute respondent's statements that petitioner failed to: (1) file a direct appeal; or (2) file a petition for post-conviction relief, thus tolling the Anti-Terrorism and Effective Death Penalty of 1996's ("AEDPA") one-year statute of limitations for filing a federal habeas corpus petition.  The record reflects that petitioner's claims are procedurally defaulted.  Nevertheless, petitioner argues that the court should excuse any procedural default because he is actually innocent of his sentence, and allowing it to stand would operate as a miscarriage of justice. Petitioner's Brief in Support (#16), p. 3.

According to petitioner, the state trial court committed clear error when it sentenced him to 54 months on a conviction for Conspiracy to Commit Escape in the First Degree.  Petitioner asserts that the sentencing court improperly assigned a crime seriousness category of 8 to his conviction for Conspiracy to Commit Escape.  Petitioner argues that because the crime of Escape in the First Degree falls into a crime seriousness category of 7

7 - OPINION AND ORDER

under the Oregon State Sentencing Guidelines ("OSSG"), the sentencing court should have assigned the same crime seriousness category to his conviction for Conspiracy to Commit Escape. Id. at 1.[1] In response, respondent states that petitioner was convicted of Conspiracy to Commit Escape in the First Degree, not merely Escape in the First Degree. Respondent contends that Conspiracy to Commit Escape is an unranked offense for sentencing guideline purposes, and that pursuant to Oregon law, the sentencing court had discretion to determine the seriousness of the offense. Respondent's Reply to Petitioner's Brief in Support (#30), p. 9 & 10 (citing State v. Rathbone II, 110 Or. App. 419, 421-22 (1991).

I note that petitioner does not argue that he did not commit the acts upon which his conviction is based, and in light of the procedural nature of his challenge to his sentence, he cannot show that failure to consider his claims will result in a fundamental miscarriage of justice. See Wildman v. Johnson, 261 F.3d 832 (9th Cir. 2001)(rejecting attempt to excuse default of sentencing claim under the actual innocence exception where petitioner did not challenge facts underlying conviction.) Moreover, petitioner's assertion that he is "innocent" of any crime falling into a crime

---

[1] Petitioner argues that under the proper crime seriousness category (grid block 7), the sentencing range was 21-24 months and that even a durational departure sentence could not have exceeded 48 months--less than the 54 months the sentencing court did impose. Id. at 1-2; Petitioner's Exhibit 1, OSSG effective May 1, 1996; Petitioner's Exhibit 2, OSSG effective March 8, 2006.

8 - OPINION AND ORDER

seriousness category of 8 under the OSSG appears to be without merit. See State v. Evans, 113 Or. App. 210 (1992); see also Rathbone, 110 Or. App. at 421-22. Accordingly, petitioner is not entitled to habeas corpus relief on his claims.

## CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus (#2) is DENIED, and this case is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this 17th day of September, 2007.

                /s/ Robert E. Jones
                Robert E. Jones
                United States District Judge

9 - OPINION AND ORDER